UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK L. EHRMAN,
VIÑAS ARGENTINAS LLC, AND
VIÑA MAIPÚ SRL,
Plaintiffs,

v.

LEANDRO MAIFREDINI, JUAN PABLO
MAIFREDINI, ROMULO MAIFREDINI,
LEANDRO DE LA FUENTE, OSCAR
IRUSTA, and POLIBOL
Defendants.

Civil Action No. 1:10-11858-JLT

## PLAINTIFFS' APPLICATION FOR ENTRY OF FINAL JUDMENT BY DEFAULT

Plaintiffs respectfully request that the Court issue final default judgments against the above listed defendants in the above captioned matter.

Each of the Defendants is a resident of the Republic of Argentina. The Plaintiffs initiated Service of Process on each of the Argentine Defendants pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").

On the grounds that the Argentine Ministry of Foreign Affairs failed to return a certification of service within the time allotted under the Hague Convention, the Plaintiffs sought entry of a default judgment as against each of the Defendants on March 30, 2012. In doing so, the Plaintiffs relied upon Article 15 of the Hague Convention which provides the Court may enter a default judgment where Plaintiffs initiated service in compliance with the Treaty, the defendants fail to appear in and defend and the central authority of the state in which service is

1

requested fails to return a certificate of service within a reasonable period of time not less than six months.

After a hearing on May 24, 2012, the Court Allowed Plaintiffs' Motion for Default Judgment Against Argentine Defendants Upon Assessment of Damages Pursuant to Fed. R.Civ. P. 55(b)(2) and Art. 15 of the Hague Convention upon demonstration that that the Defendants are indebted to the Plaintiffs in the amount of Fifteen Million One Hundred Fourteen Thousand Four Hundred Two United States Dollars and Ninety Four Cents ($15,114,402.94). The Court ordered that the Defendants be given one year within which to seek relief in this Court. A copy of the Court's Order is attached.

The Defendants were each sent notice of the Court's action via Federal Express. Each notice contained a cover letter of explanation and a copy of the Court's Order of May 24, 2012. Translations of both were provided in Spanish. Each notification envelope bore the return address of counsel's law firm. Delivery was attempted at each individual's known residential and business address. In each instance, the Defendants refused to accept delivery, informing Federal Express that they refused to accept delivery "from this shipper."

Months later, the Argentine Ministry of Foreign Affairs returned certification of service on each of the Argentine defendants which established that, in fact, each of the Defendants in this action were served with process on the dates indicated below:

| | |
|---|---|
| Leandro De La Fuente | September 2, 2011 |
| Oscar Irusta | November 3, 2011 |
| Leandro Maifredini | May 14, 2012 |
| Juan Pablo Maifredini | May 17, 2012 |
| Romulo Maifredini | August 24, 2012 |
| Polibol | August 25, 2011 |

Copies of the certifications of service regarding each of the Defendants were filed with this Court on October 19, 2012.

On December 13, 2012, this Court allowed Plaintiffs' Motion for Attorneys' Fees and Expenses in the amount of Three Hundred Fifty One Thousand Thirty Eight United States Dollars ($351,038.00).

On December 13, 2012, the Court entered a further Order that "Entry of Default Judgment shall become final on May 24, 2013."

Although each Argentine Defendant has been served with process and sought to be notified of the Court's Order of May 24, 2012, none of the defendants have appeared on this matter either to defend or seek other forms of relief.

Accordingly, Plaintiffs request that the Court issue final default judgments as against each of the Argentine defendants.

In preparing the proposed Form of Judgment, Plaintiffs have calculated interest at the contract rate of 9.77 Percent to which Defendants agreed as set forth and alleged in the Complaint and in the Affidavit of Mark L. Ehrman which was filed in support of Plaintiffs' Motion for Default Judgment. As Plaintiffs' Motion for Default Judgment applied interest to the calculation of damages up to and as of March 15, 2012 (the date on which Plaintiffs prepared the Ehrman Affidavit), Plaintiffs have calculated and applied interest at the same rate to the total damages award at that same rate From March 16, 2012 through May24, 2013. By that calculation, the amount of interest to be added to the Judgment is $1,759,875.53 for a total Judgment of $16,874,278.47 plus Attorneys' Fees and Litigation Costs as awarded by the Court of $351,038 on December 13, 2012 (See Exhibit B).

3

Accordingly, based on the foregoing calculations, Plaintiffs submit that the amount of the Judgment including Attorneys' Fees and Costs totals $17,225,316.47.

A proposed form of judgment for each defendant is attached at Exhibit C.

Respectfully submitted,

**MARK L. EHRMAN, VIÑAS ARGENTINAS LLC, and VIÑA MAIPÚ SRL, plaintiffs**
By their attorneys,

/s/ Bruce W. Edmands
Bruce W. Edmands (BBO# 151360)
    bedmands@lawson-weitzen.com
Joshua M. D. Segal (BBO# 678367)
    jsegal@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02110
(617) 439-4990
(617) 439-3987 (fax)

## LOCAL RULE 5.2(b)(2) CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the date hereof, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies sent to those indicated as non-registered participants, to the extent that service has been effectuated.

Subscribed under penalties of perjury.

/s/ Bruce W. Edmands
Bruce W. Edmands